NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABAD FLORES FLORES, | No. 19-71140 |
| Petitioner, | Agency No. A213-016-220 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2022
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,** District
Judge.
Dissent by Judge BRESS

Abad Flores Flores, a citizen of Mexico, seeks review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

(IJ) order denying his requests for asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition, vacate the BIA's decision, and remand for further proceedings.

Flores conceded that he has not experienced past persecution in Mexico. Instead, he claimed that authorities and mental health workers in Mexico would persecute and torture him based on his membership in a particular social group comprising persons with schizoaffective disorder who exhibit erratic behavior.

1. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). The only ground that the BIA clearly articulated for denying asylum is that Flores's brother—who, Flores testified, has "mental health issues . . . similar to schizophrenia"—is supported by his family and "has not had any issues with authorities and mental health workers in Mexico."[1]

---

[1] The key passage in the BIA's opinion reads:

> . . . [Flores] testified that: he would live with his parents in Mexico; it would be difficult for him to find employment and obtain his medications in that country; and that his sister, who also resides in Mexico, currently cares for his younger brother, who also suffers from mental health issues, which [Flores] said were similar to schizophrenia. [Flores] additionally testified that his sister is familiar with the extent

2

The record evidence supporting the BIA's determination that Flores is similarly situated to his brother is as follows: When the government questioned Flores about his family's medical history, he testified that his brother, Nicolas, lives in Mexico with their parents and "suffers from something like schizophrenia." Flores further testified that Nicolas hallucinates and "was diagnosed in 2007," but

---

of his mental health issues and that his younger brother has not had any issues with authorities and mental health workers in Mexico.

Although [Flores] argues on appeal that other evidence in the record plausibly establishes that his sister may not be able to care for him and that he may not be able to obtain necessary medications and treatment in Mexico, the [IJ's] finding that [Flores] has not demonstrated a well-founded fear of future persecution is also plausible in light of the record as a whole and therefore is not clearly erroneous. (Citations omitted.)

The only finding that can be clearly divined from this passage is that Flores is not likely to face persecution in Mexico because his similarly situated brother has faced no persecution. No other finding is stated with the clarity necessary to support the BIA's denial of asylum. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1109 n.6 (9th Cir. 2015) ("When the BIA fails to state with sufficient particularity and clarity the reasons for its decision, it does not provide an adequate basis for this court to conduct its review." (internal quotation marks omitted)); *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("[T]he basis for an agency determination 'must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action.' When the agency's reasoning is indiscernible, 'the courts cannot exercise their duty of review,' and instead must remand to the agency.") (first quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947); and then quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). In particular, it is entirely unclear whether the BIA intended to invoke "the record as a whole" to do anything other than support its explicit rejection of Flores's submission that he is not similarly situated to his brother.

3

that he and Nicolas take different medications. And in a 2014 psychiatric evaluation, Flores mentioned an unnamed brother with anxiety and trouble sleeping.

Even under the forgiving substantial evidence standard, that evidence is too thin to support the BIA's determination. Flores, a member of the *Franco Gonzalez* class, *see Franco Gonzalez v. Holder*, 2014 WL 5475097 (C.D. Cal. 2014), has a long history of mental illness. He began having auditory hallucinations at a young age and suffers from visual hallucinations and other psychiatric symptoms. In 2014, he was diagnosed with "Psychotic Disorder, NOS (Not Otherwise Specified)" and prescribed several medications, including antipsychotic medication. In 2017, an IJ found that Flores was not competent to represent himself and ordered a qualified representative, noting that he "would have difficulties … presenting evidence that is relevant to his case." In 2018, a clinical forensic psychologist found that Flores's symptoms include hallucinations, paranoia, disorganized thinking and behavior, depressed mood, anxious mood, insomnia, nervousness, restlessness, suicidal ideation, and mania.

Given his serious mental health issues, it is no surprise that Flores's testimony was internally inconsistent and confusing, and that he proved himself to be a demonstrably inaccurate narrator and historian even of his own history and circumstances. For example, Flores offered inconsistent accounts about how many children he has, his level of education, and when he began hearing voices. He

incorrectly denied previous psychiatric hospitalizations, and a medical professional determined that did "did not appear to be fully aware of the extent of his mental health history and previous hospitalizations … [and] did not appear to fully appreciate his history of bizarre and aggressive behavior while symptomatic." Thus, while the agency's credibility determinations are owed substantial deference, *see Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), the issue here is not Flores's honesty, but rather his ability to accurately depict the nature of Nicolas's mental illness as compared to his own. Flores's guesses on that subject, without more, do not qualify as substantial evidence that the pair are similarly situated. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("While th[e] [substantial evidence] standard is deferential, deference does not mean blindness." (internal quotation marks and citations omitted)).[2]

2.      In denying withholding of removal, the BIA cited the IJ's opinion for the proposition that Flores "has not shown that Mexican law enforcement or mental health officials target individuals based on their chronic, visible psychosis." At oral argument, the government acknowledged that the BIA erred in that respect because the IJ had made no such finding. The BIA offered no other ground for denying

---

[2] Contrary to the dissent's suggestion, Flores adequately pressed this issue before the BIA, describing in detail his mental illness—including his inability to appreciate his own mental health history—and arguing that he was "not competent to testify about his own mental health history" or that of his brother.

withholding of removal, so we vacate that denial and remand for further consideration. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) ("We cannot affirm the BIA on a ground upon which it did not rely." (internal quotation marks omitted)).

3.    The only ground that the BIA articulated for denying CAT relief is that, "in light of the evidence that [Flores's] brother in Mexico has mental health issues, is able to obtain necessary medications and treatment, is being cared for by [their] family in Mexico, and has not been abused by authorities or mental health workers in that country, the [IJ] did not clearly err when she found that it is not more likely than not that [Flores] will come to the attention of authorities and mental health workers in that country, and experience abuse rising to the level of torture at their hands." That conclusion rests on the same erroneous evaluation of the evidence as the denial of asylum, so it likewise is not supported by substantial evidence.[3]

**PETITION GRANTED AND REMANDED.**

---

[3] Flores further argues that the BIA abused its discretion in declining to remand to the IJ for consideration of a declaration from his sister—in which she avers that Nicolas's mental illness is comparatively minor and that she cannot provide Flores with the care he needs—presented for the first time to the BIA. We leave to the BIA's discretion in the first instance whether, given Flores's deeply unreliable testimony regarding Nicolas's mental health, justice would be better served by allowing the IJ to reconsider the record as a whole in light of the sister's declaration.

*Flores Flores v. Garland*, No. 19-71140

BRESS, Circuit Judge, dissenting:

In my respectful view, substantial evidence supports the denial of petitioner's applications for relief. There is no evidence that the petitioner experienced past persecution in Mexico, and the BIA reasonably determined that petitioner had not shown that Mexican authorities would likely persecute or torture him in the future based on his mental health issues. In doing so, the BIA did not rely on the notion that petitioner was *identically* situated to his brother, Nicolas, who also suffered from mental illness in Mexico but who had not been persecuted or tortured. Rather, the BIA acknowledged petitioner's own testimony that Nicolas's mental health issues "were similar to schizophrenia," from which petitioner suffered, and then proceeded to deny relief based on what it described as "the record as a whole."

The record as a whole supports the denial of relief. As an initial matter, the BIA pointed to petitioner's testimony that Nicolas could "obtain necessary medications and treatment [in Mexico], is being cared for by [petitioner's] family in Mexico, and has not been abused by authorities or mental health workers" there. This sufficiently suggested that petitioner would not likely be persecuted or tortured in Mexico either, and that his fear of persecution was based on speculative inferences. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (denying petition for review where the feared persecution was "too speculative to support an

asylum claim"). The majority does not appear to suggest that a comparison to Nicolas is an invalid basis for denying relief. Instead, it seemingly discounts petitioner's testimony about Nicolas (and presumably all of petitioner's testimony more generally) as unreliable, based on petitioner's history of mental illness.

That determination encounters several problems. In view of petitioner's mental health issues, the IJ appointed a qualified representative to assist petitioner during the IJ proceedings. With this assistance of counsel, the IJ found petitioner credible and was "confident" petitioner was afforded an adequate opportunity to present his case. In light of the safeguards the IJ imposed, as well as the IJ's clear recognition of petitioner's mental illness, the majority lacks a sufficient basis to second-guess the IJ's first-hand reliance on petitioner's testimony. What is more, when petitioner appealed to the BIA, it is not apparent that he argued the IJ could not rely on his testimony on the ground that it was inherently untrustworthy due to his mental illness. The BIA never addressed such a theory, either. The argument the majority credits is thus unexhausted, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).[1]

---

[1] Contrary to the majority, I do not read petitioner's brief before the BIA to argue that his testimony was wholly unreliable. Rather, petitioner stated that his "testimony alone is not sufficient evidence," while arguing that the IJ failed fully to consider his documentary evidence, and that the BIA should have remanded for consideration of a new declaration from petitioner's sister. The BIA understood petitioner's argument as I have, and its interpretation was reasonable.

In addition, petitioner's comparison to Nicolas was not the only basis for denying relief. Here, based on the BIA's citation of the IJ's decision when referencing "the record as a whole," the record further demonstrates that at his hearing before the IJ, petitioner only "testified that he fears general crime in Mexico," which is not a basis for relief, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); that petitioner has not had any encounters with U.S. law enforcement due to his mental illness since 2014; and that his two arrests in the United States were attributable to reasons other than his mental illness (one due to his involuntary intoxication and the other to a misunderstanding with a relative).

Based on the record as a whole, the BIA could thus reasonably conclude that petitioner was unlikely to be persecuted by Mexican authorities because of his mental health, and that petitioner had not established an objectively reasonable fear of persecution, let alone a likelihood of persecution or torture. I would have therefore denied the petition for review.[2]

---

[2] Although the majority does not directly reach the question, I would also conclude that the BIA did not abuse its discretion in declining to remand for consideration of petitioner's sister's new declaration because that evidence "was available or capable of being discovered" at the time of petitioner's hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (per curiam).